[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON POST TRIAL MOTIONS
The plaintiff commenced this action by initiating service on the defendants on August 17, 1984, returnable September 18, 1984.
The complaint charged the defendants, a neurosurgeon and a hospital, with malpractice occurring during a surgery performed on December 31, 1971.
At the conclusion of the evidence, the case was submitted to the jury on the first count only. The Court directed the jury to return defendant verdicts on Counts II and III. In addition to the verdict forms, the Court submitted interrogatories to the jury. The principal issue in the case, assuming the jury found malpractice, was whether or not the statute of limitations, C.G.S.52-584, was tolled by the claim of fraudulent concealment of plaintiff's causes of action. C.G.S. 52-595. Both defendants pleaded the Statute of Limitations in bar of plaintiff's cause of action. In his reply to these special defenses, plaintiff pleaded C.G.S. 52-595 "Fraudulent Concealment of Cause of Action."
The jury returned a verdict for the plaintiff against the defendant surgeon only. It answered Interrogatory number one affirmatively that Dr. VanGilder was negligent in connection with surgery he performed on the plaintiff on December 30, 1971. In Interrogatory number two it found that such negligence was the proximate cause of plaintiff's injuries and damages claimed in the complaint. In Interrogatory number four the jury responded affirmatively that plaintiff's claims are barred by the Statute of Limitations. In Interrogatory number five the jury responded that the plaintiff failed to prove by "clear, precise and unequivocal evidence" that the defendant Dr. John VanGilder fraudulently concealed the fact that the plaintiff had suffered some form of CT Page 3079 actionable harm during the course of the surgery on December 30, 1971 so as to toll or suspend the Statute of Limitations.
Since this verdict was inconsistent and irreconcilable with the facts found in the Interrogatories and disregarded the explicit instructions of the Court to the effect that if they found the Statute of Limitations, C.G.S. 52-584, was applicable, they could only find for the plaintiff if they found that the plaintiff had proven its affirmative defense of fraudulent concealment, C.G.S. 52-595. The Court refused to accept it and so advised the jury. The Court also instructed the jury that it had failed to return verdicts as directed by the Court on Counts II and II. The Court additionally instructed the jury that they had apparently misunderstood the Court's instructions on the principle of respondeat superior since they returned a defendants' verdict on Count I in favor of the hospital and responded to Interrogatory number three that Dr. John VanGilder was an agent of the defendant Yale New Haven Hospital in connection with the surgery which he performed on the plaintiff on December 31, 1971. The Court rejected the verdict for the defendant because of this inconsistency.
Counsel for defendants requested directed verdicts in their behalf based on Interrogatory numbers four and five. Counsel for the plaintiff moved that the verdict on Count I against Dr. VanGilder be accepted. The Court denied both motions.
The Court submitted new verdict forms to the jury and reinstructed them. The jury continued deliberations and periodically submitted written inquiries to the Court. Four of these questions pertained to the issue of fraud. Court exhibits 5, 6, 9 and 11.
These questions reinforced the Court's earlier conclusion that the plaintiff's verdict which the Court had refused to accept was illogical and unreasonable in the light of all the instructions both original and supplementary and in view of the answers to the Interrogatories previously given.
The Court asked for comment from counsel on the last questions propounded in Exhibit 11 by the jury. Plaintiff's counsel suggested further deliberations. Defendants' counsel both reiterated their requests for a directed verdict on the basis of the Interrogatories. Counsel for defendant VanGilder also requested a mistrial. The Court determined a mistrial was the appropriate remedy in view of its conclusion that the jury was hopelessly confused about the legal significance of the relationship of the Statute of Limitations and the claim of fraudulent concealment. CT Page 3080
The action of the Court in declaring a mistrial was taken after the Court rejected the verdict for the plaintiff because the Court concluded that the Interrogatories were inconsistent with a plaintiff's verdict. At that point the Court gave consideration to defendants' motions for either an immediate directed verdict or one pursuant to P.B. 320. Because of the obvious confusion of the jury the Court refused to accept the verdict and permitted further deliberations by the jury.
Presently before the Court are a series of motions, all of which have had the benefit of oral argument, some of which were supported by written memoranda. The plaintiff has moved for judgment as found by the jury by their verdict of March 11, 1991 (181); and for an immediate trial (182). Defendants object to both these motions. Defendants have moved for a directed verdict notwithstanding the failure of the jury to return a verdict pursuant to P.B. 321 (185).
Defendant Yale New Haven Hospital has moved to have the Court accept the verdicts returned by the jury on Counts II and III as directed by the Court. Both defendants move the Court to enter judgment in accord with earlier motions for directed verdicts. The plaintiff has objected to all of defendants' motions.
Although the file indicates that the jury at some time or another, presumably after the Court refused to accept the verdicts on Count I, did subsequently execute defendants' verdicts on Counts II and III. These verdict forms were never submitted to the Court and accordingly the formal ritual of acceptance was not followed.
Plaintiff's Motion for Judgment (181), P.B. 321, cannot be granted. The court has no authority at this point to accept a verdict categorically rejected by the Court and after discharge of the jury.
P.B. 320 and 321 govern motions in arrest of judgment, to set side verdict or for a new trial. Sec. 321 specifically applies to situations where the Court has reserved decision on a Motion for Directed Verdict. In this case the defendants moved for directed verdicts at the conclusion of plaintiff's case, at the conclusion of all the evidence, upon receipt of the Interrogatories and in oral argument after the Court received the last set of questions from the jury, Exhibit 11.
P.B. 321 makes provision for the acceptance of the verdict, the setting aside of the verdict, and the entry of judgment notwithstanding the verdict within the time frame of 320. It also governs situations where no verdict was returned and for judgment in accordance with a motion for directed verdict after CT Page 3081 the jury has been discharged from the case, again within the time frame of P.B. 320. P.B. 321 also empowers the Court to act immediately after a verdict is returned and [presumably accepted] and in those situations where no verdict is returned the Court retains the power to direct the entry of judgment as if the requested verdict had been directed or may order a new trial.
These powers were available to the Court upon receipt of the Interrogatories. The Court did not lose them by rejecting the verdict and permitting further deliberations, they were available to the Court throughout the balance of the trial. As the deliberations progressed and questions from the jury continued, the Court became convinced it should exercise its discretion to either direct a verdict for the defendants or order a new trial. Having exercised this discretion in one of the authorized ways, the Court has no power at this time to review this discretion.
For these reasons all motions are denied, except the motion for an immediate trial which is marked off without prejudice to renew.
Donald T. Dorsey, Judge